IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COURTNEY N. FRANKLIN, | ) | CASE NO. 5:10 CV 2094 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| GININE TRIM, | ) | |
| | ) | |
| Respondent. | ) | **ORDER** |

## Introduction

Before me is the *pro se* petition[1] of Courtney N. Franklin for federal habeas corpus relief under 28 U.S.C. § 2254. Franklin is currently incarcerated at the Ohio Reformatory for Women in Marysville, Ohio, where she is serving a sentence of 15 years to life imposed in January, 2005 by the Summit County Court of Common Pleas.[2] Franklin was convicted at a jury trial on charges of murder, tampering with evidence, and two counts of involuntary manslaughter.[3]

The State has moved that Franklin's petition be dismissed as untimely.[4] For the reasons that follow, I recommend granting the State's motion and dismissing Franklin's petition for habeas relief.

---

[1] ECF # 1.

[2] *Id.* (Ex. 1 at 1).

[3] *Id.*

[4] ECF # 9.

## Facts

The facts relevant to the State's motion to dismiss are neither complex nor are they contested. As noted, Franklin was initially convicted and sentenced in 2005. Through counsel, she timely appealed her conviction to the Ohio Court of Appeals.[5] On September 6, 2006, that Court found all four of Franklin's assignments of error were without merit and affirmed the decision of the trial court.[6]

Then, Franklin, also through counsel, appealed this decision to the Supreme Court of Ohio, raising a single proposition of law:

> A trial court commits plain error and renders a void judgment when it sentences a defendant on a charge that has been effectively negated by the jury's verdict.[7]

On February 7, 2007, the Ohio Supreme Court denied Franklin leave to appeal and dismissed her appeal.[8] Franklin did not seek further review of her convictions or sentence by the United States Supreme Court. Thus, as the State notes, her conviction became final 90 days later, on May 8, 2007.[9]

Notwithstanding that fact, nearly two years later, on March 19, 2009, Franklin, *pro se*, filed an application to reopen her direct appeal pursuant to Ohio Appellate Rule 26(B),

---

[5] ECF # 9, Attachment (state record) at 17-18.

[6] *Id.*, at 73-84.

[7] *Id.*, at 85-107.

[8] *Id.*, at 113.

[9] ECF # 9 at 5.

claiming ineffective assistance of appellate counsel for failing to raise several claims on appellate review, including ineffective trial counsel.[10] On April 15, 2009, the Ohio Appeals Court found that Franklin's application under Ohio Appellate Rule 26(B) was "well beyond App. R. 26(B)(1)'s ninety-day period" and, therefore, denied her application as untimely.[11]

Nearly two months later, on June 10, 2009, Franklin, *pro se*, filed an untimely motion for reconsideration of this denial.[12] Following the State's memorandum in opposition,[13] the appeals court held that Franklin's motion for reconsideration was itself untimely and dismissed the motion to reconsider.[14]

Franklin, *pro se*, thereupon appealed this decision to the Supreme Court of Ohio.[15] After the State waived a reply,[16] on October 14, 2009, the Ohio Supreme Court denied Franklin leave to appeal and dismissed the appeal from the denial of her Rule 26(B) application as not involving any substantial constitutional question.[17]

---

[10] ECF # 9, Attachment at 114-35.

[11] *Id.*, at 136-37.

[12] *Id.*, at 138-41.

[13] *Id.*, at 142.

[14] *Id.*, at 145.

[15] *Id.*, at 142-44.

[16] *Id.*, at 181.

[17] *Id.*, at 182.

In a petition signed by Franklin on September 11, 2010, and filed by the Clerk of this Court on September 20, 2011,[18] Franklin filed for federal habeas relief raising four grounds. Prior to filing its return of the writ, the State has filed a motion to dismiss,[19] citing the fact that Franklin's petition is beyond the one-year statute of limitations imposed by the AEDPA.[20] In particular, the State notes that the AEDPA one-year limitations period began May 8, 2007, and ran uninterrupted for a year, thus expiring on May 8, 2008.[21] In that regard, the State notes that "the instant petition is time barred by over two years.[22]

While Franklin sought,[23] and was granted,[24] an additional 60 days within which to file a response to the State's return of the writ, no such response has been filed. Franklin did move for appointment of counsel.[25] That motion was denied.[26]

---

[18] ECF # 1 at 12-13.

[19] ECF # 9.

[20] *Id.* at 2.

[21] *Id.* at 9-10.

[22] ECF # 10.

[23] ECF # 10.

[24] Non-document order of 01/07/2011.

[25] ECF # 3.

[26] ECF # 11.

## Analysis

**A.   Applicable law**

28 U.S.C. § 2244(d)(1)(A) provides that a one-year period of limitation shall apply to the filing of any federal habeas petition, such period to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."[27] The federal limitations statute further provides that "the time during which a properly filed application for state postconviction or other collateral review" will toll the federal one-year limitations period.[28] In that regard, the statutory tolling provision noted here does not revive the AEDPA one-year limitations period, it can only serve to pause a clock that has not yet expired.[29] Moreover, once the federal habeas limitations period has expired, state collateral review proceedings can no longer affect the operations of the statute of limitations period.[30] A "properly filed" collateral action is one that is delivered and accepted in compliance with the applicable state court rules governing such filings.[31]

In addition to statutory tolling, while it is well established that the doctrine of equitable tolling allows federal courts to toll a statute of limitations when "a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that

---

[27] 28 U.S.C. § 2244(d)(1)(A).

[28] 28 U.S.C. § 2244(d)(2).

[29] *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

[30] *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003) (citations omitted).

[31] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

litigant's control."[32] The party seeking the benefit of equitable tolling bears the burden of establishing entitlement to such relief.[33] Equitable tolling should be granted only "sparingly"[34] and may only be available when a petitioner can demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[35]

**B.    Application of standard – Franklin's petition is untimely, and the State's motion to dismiss should be granted.**

As stated, Franklin's AEDPA one-year limitations period began May 8, 2007, and expired, without any intervening actions, on May 8, 2008. In particular, because the limitations period had ended in 2008, nothing Franklin did in 2009 by attempting to reopen her appeal under Ohio Appellate Rule 26(B) had any effect on the federal AEDPA one-year limitations period, since that had already expired. Accordingly, I recommend finding that Franklin's petition was filed beyond the statute of limitations and that she is not eligible for statutory tolling.

In addition, Franklin has made no claim to equitable tolling. Thus, I further recommend that Franklin's silence in this regard be viewed, at the least, as a failure to meet her obligation to prove entitlement to such tolling. Therefore, absent any claims to equitable

---

[32] *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (internal quotations omitted).

[33] *See*, *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

[34] *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006).

[35] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Supreme Court recently reaffirmed *Pace*'s two-pronged equitable tolling test in *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).

tolling or any evidence establishing a right to such relief, I also recommend finding that there is no issue before this Court as to whether Franklin is entitled to equitable tolling.

## Conclusion

Accordingly, based on the above-stated facts and the applicable law, I recommend finding that Franklin's petition, filed more than two years after the expiration of the statutory time limit, is, therefore, time-barred. Thus, I further recommend that the State's motion to dismiss this petition[36] be granted, and that such dismissal be with prejudice.

Dated: September 15, 2011              s/ William H. Baughman, Jr.
                                       United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[37]

---

[36] ECF # 9.

[37] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).